IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIAN ADAMS, | : | |
| | : | 4:07-cv-1103 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Andrew Smyser |
| CHARLES KELLAR and the CITY | : | |
| OF HARRISBURG, | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### November 5, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 115), filed on August 16, 2010, which recommends that we grant in part and deny in part Defendants' Motion for Summary Judgment (Doc. 94). Specifically, Magistrate Judge Smyser recommends that we grant the Defendants' Motion with respect to Plaintiff's First Amendment retaliation claim and deny the Motion as to Plaintiff's Equal Protection claim and *Monell* claim, as well as the to the Defendants' qualified immunity defense.

Both the Plaintiff and the Defendants filed objection s to the Magistrate Judge's R&R. Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the R&R in part and reject the R&R in part.

I. **STANDARDS OF REVIEW**

A. **Review of Magistrate Judge's R&R**

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

B. **Summary Judgment**

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the

burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985).

However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## II. FACTS

Plaintiff Julian Adams ("Plaintiff" or "Adams") is a former patrol officer of the Harrisburg Bureau of Police. Plaintiff's essential allegation in this case is that Defendant Charles Kellar ("Kellar"), the Chief of the Harrisburg Police Department, had a vendetta against him based upon Plaintiff's race (Plaintiff is an African-American).

In October 2003, while Plaintiff was on patrol with Police Corporal Lydell Muldrow ("Muldrow"), the two officers attempted to effect the arrest of a Mr. Blackwell. Plaintiff observed Muldrow punch Blackwell two or three times. The

Plaintiff and Muldrow arrested this citizen and charged him aggravated assault, resisting arrest, and disorderly conduct. Blackwell claimed that he had been assaulted by Muldrow; however, at the preliminary hearing Plaintiff testified that he had not seen Muldrow hit Blackwell. After the preliminary hearing, an internal affairs investigation was conducted about the Blackwell incident.[1] During the internal affairs investigation, Plaintiff admitted to the investigator that he witnessed Muldrow strike Blackwell. Muldrow received a disciplinary suspension and demotion to patrol officer as a result of the investigation. Muldrow filed a union grievance of his suspension.

Muldrow's grievance proceeded to arbitration. Prior to the arbitration hearing, the Plaintiff met with Kellar and the Police Bureau's attorney to discuss his testimony. After hearing the Plaintiff's version of events, Kellar and the attorney informed Plaintiff that he should not testify at Muldrow's hearing and that he could face charges for perjury if he did. Nevertheless, Plaintiff proceeded to testify at the said 2006 arbitration hearing. At the hearing, Plaintiff admitted to lying under oath at the Blackwell preliminary hearing.

---

[1] Blackwell filed a federal civil rights action against Muldrow and Plaintiff, alleging excessive use of force. The case terminated pursuant to a settlement.

Thereafter, Plaintiff became the subject of a disciplinary investigation concerning the conflicting testimony that he had given at the arbitration hearing and the Blackwell preliminary hearing. Plaintiff was taken off patrol and was assigned to a report-writing function. In April of 2007, Plaintiff was informed that he was going to be disciplined for conduct unbecoming an officer. Plaintiff was told that if he did not accept a two year suspension and a successive retirement, he would be terminated. Plaintiff was presented with a draft agreement to that effect to sign. While still considering the agreement, Plaintiff filed the instant action. As a result, he was immediately discharged from his employment.

Plaintiff claims that he was disciplined more harshly than non-minority officers who committed the same or worse violations. In particular, Plaintiff points to the disciplinary process and outcome involving Detective Ryan Neal as an example. The discipline against Detective Neal stemmed from statements he had made in sworn affidavits seeking two search warrants. In the first application, Neal utilized information given to him by a confidential informant that he knew to be false. In the second application, Neal stated that a drug transaction had occurred inside a house when he knew that it had actually occurred at the front door of the house. Neal's immediate supervisor, Sergeant Brenda Holmes, attributed Neal's incorrect statements to sloppy police work, but he was not

charged with a disciplinary violation that subjected to termination. Rather, he was charged with a failure to conduct a proper investigation. Kellar imposed a penalty upon Neal of two days suspension, a twelve month training program and he was removed from the vice unit.

## III. DISCUSSION

Plaintiff brings the instant civil rights action asserting claims of retaliation for the exercise of his right to testify (at the Muldrow arbitration) and for instituting a civil action (this case) in violation of the First Amendment. He also claims an equal protection violation and a *Monell* claim against the City of Harrisburg. As noted above, Magistrate Judge Smyser recommends that we grant the Defendants' Motion for Summary Judgment with respect to Plaintiff's First Amendment claim and deny the Motion with respect to the equal protection and *Monell* claim. In so recommending, Magistrate Judge Smyser rejects the Defendants' qualified immunity defense.

Plaintiff objects to the Magistrate Judge's recommendation that the Motion be granted on the First Amendment claim. The Defendants object to the Magistrate Judge's recommendation that the Motion be denied with respect to the equal protection and *Monell* claims. We shall discuss the recommendation as to each claim, and the objection thereto, *in seriatim*.

A.  **First Amendment Retaliation Claim**

Retaliation in the form of termination from employment for the exercise of First Amendment rights is a constitutional violation. *Mount Healthy City Board of Education v. Doyle*, 429 U.S. 274 (1977); *White v. Napoleon*, 897 f. 2d 103, 112-112 (3d Cir. 1990). To establish such a claim, a plaintiff has the initial burden of showing that his constitutionally protected conduct was "substantial" or a "motivating factor" in the decision to terminate. *Suppan v. Dadonna*, 203 F. 3d 228, 235, (3d Cir. 2005). Once a plaintiff carries this burden, the burden shifts to the defendant to show, by a preponderance of the evidence, that he/she would have reached the same decision even in the absence of protected conduct.

As noted, Magistrate Judge Smyser first recommends that summary judgment be granted in favor of the Defendants with respect to that portion of Plaintiff's retaliation claim related to his bringing the instant lawsuit, noting that the Defendants had previously told the Plaintiff he would be terminated if he did not accept the resignation and suspension proposal, and that the filing of this lawsuit could be considered a rejection of that proposal.

At first blush, the Magistrate Judge's reasoning has some allure to the Court. However, we do not agree with his conclusion that the Defendants established that the same termination decision would have been made even absent

8

the filing of this lawsuit. Prior to the filing of this action, Defendants had offered a resignation package to the Plaintiff, recognizing his many years of service to the Police Bureau in conjunction with his release from employment by permitting him to obtain his pension. However, after the filing of the lawsuit, Plaintiff was terminated, and afforded none of the benefits of the resignation package, including, *inter alia*, access to his pension after a 2 year suspension. Thus, the end result was decidedly not the same as if he had accepted the offer, and we find that a material issue of fact remains as to whether the same decision (i.e. termination without the suspension and resignation package) would have been reached in the absence of the filing of this lawsuit. Accordingly, we shall reject the Magistrate Judge's recommendation on this point.

Magistrate Judge Smyser recommends summary judgment be granted in favor of Defendant on his claim of retaliation for testifying in the Muldrow arbitration proceeding, noting that a reasonable inference can be drawn that Kellar's decision to terminate Plaintiff stemmed from the fact that Plaintiff lied under oath at the Blackwell preliminary hearing. While Plaintiff objects to this recommendation, we find it compelling. It is undisputed that Plaintiff testified

falsely[2] at the Blackwell preliminary hearing, and that this was confirmed when Plaintiff testified truthfully at the Muldrow arbitration proceeding. It is also undisputed that the decision to terminate Plaintiff (i.e. the offering of the suspension/retirement package) stemmed from this conduct, which was considered conduct unbecoming of an officer. Thus, we find that no genuine issue of material fact remains on this portion of Plaintiff's First Amendment retaliation claim, and shall grant summary judgment in favor of the Defendants on this claim.

### B. Equal Protection Claim

As correctly stated by Magistrate Judge Smyser:

To assert an equal protection claim based upon membership in a protected class, the plaintiff must demonstrate (1) that he or she is a member of a protected class and (2) that the government treated similarly situated individuals outside of the protected class differently. *See Oliveira v. Twp. of Irvington*, 41 F. Appx. 555, 559 (3d Cir. 2005); *Keenan v. City of Philadelphia*, 983 F. 2d 459, 465 (3d Cir. 1992)(requiring plaintiffs to demonstrate differential treatment on the basis of membership in a protected class). When alleging the existence of individuals outside the protected class, a plaintiff "cannot use allegations . . . that amount to nothing more than 'conclusory, boilerplate language' to show that he may be entitled to relief." *Young v. New Sweickley Twp.*, 160 F. Appx. 263, 266 (3d Cir. 2006) (citing *Evancho v. Fisher*, 423 F. 3d 347, 354-55 (3d Cir. 2005)). The plaintiff must instead identify individuals outside of the plaintiff's protected class who received differential treatment. *See*

---

[2] We recognize that Plaintiff disputes the statement that he lied under oath, however, it is undisputed that he gave two different accounts of what occurred at the Blackwell arrest, and that the second account given, at the Muldrow hearing, was the correct version of events.

> *Harris v. New Jersey*, 2008 WL 141503, *10 (D.N.J. Jan. 14, 2008); *Lane v. Culp*, 2007 WL 954101, *1 (W.D. Pa. Mar. 28, 2007). In this respect, the evidence required to prove a protected-class equal protection claim is equivalent to that required for a Title VII disparate treatment case. *See Black v. Columbus Pub. Sch.*, 79 F. Appx. 735, 738 (6th Cir. 2003); *Andrews v. City of Phila.*, 895 F. 2d 1469, 1483 n. 4 (3d Cir. 1990)(observing that both Title VII and equal protection claims require proof of discrimination based upon membership in a protected class).

*Terrell v. City of Harrisburg Police Dept.*, 549 F. Supp. 2d 671, 687 (M.D. Pa. 2008).

Magistrate Judge Smyser recommends that we deny summary judgment with respect to Plaintiff's equal protection claim, finding that a genuine issues of material fact remain regarding the reasons for the disparate discipline imposed upon Plaintiff and Detective Neal, both of whom made false statements under oath. Here again, we find Magistrate Judge Smyser's reasoning convincing, despite Defendants' argument to the contrary. It for the jury to decide whether Plaintiff's conduct squares with Detective Neal's conduct, because quite clearly issues of fact remain as to the gravity of any misrepresentation by Plaintiff.[3] To be sure, both officers made statements that were either incorrect or inconsistent, and if their level of culpability is considered the same, then an inference of disparate

---

[3] As noted by Magistrate Judge Smyser, as well previously herein, there remains a dispute whether the plaintiff intentionally testified falsely at the Blackwell hearing, despite the fact that there is no question that his testimony differed between this hearing and the arbitration.

11

treatment can be found based upon their differing discipline. Accordingly, we shall adopt the Magistrate Judge's recommendation and deny summary judgment on this claim.

### C. *Monell* Claim and Qualified Immunity Defense

Inasmuch as we have permitted Plaintiff to proceed to trial with two of his constitutional claims and that the Defendants acknowledge that Chief Kellar constituted the final policy making authority for discipline in the police department, Plaintiff is permitted to proceed to trial against the City of Harrisburg on a theory of municipal liability. *See Monell v. Department of Social Servs.*, 436 U.S. 658 (1978).

Further, we agree with Magistrate Judge Smyser that qualified immunity does not protect Chief Kellar here. An officer enjoys qualified immunity so long as his or her conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Curley v. Klem*, 298 F. 3d 271 (3d Cir. 2002). As noted by Magistrate Judge Smyser, the right to equal protection is clearly known, thus we shall decline to extend qualified immunity on the current record.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, we shall adopt the R&R in part and reject it in part. The Defendants' Motion for Summary Judgment will granted only with respect to part of Plaintiff's First Amendment retaliation claim.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation dated August 16, 2010 (Doc. 115) is **ADOPTED** in part and **REJECTED** in part to the following extent:

    a. The Defendants' Motion for Summary Judgment (Doc. 94) is **GRANTED** only with respect to Plaintiff's First Amendment retaliation claim regarding his testimony at the Muldrow hearing.

    b. The Defendants' Motion for Summary Judgment (Doc. 94) is **DENIED** in all other respects.

2. Within ten (10) days of the date of this Order, the parties shall file a stipulation as to the trial term this case shall be listed upon, and upon the filing thereof, the Court shall issue a scheduling order.



John E. Jones III
United States District Judge

14

# Judge Jones
## 2011 Court Calendar

| Trial list | Discovery Cut-off | Dispositive Motions Cut-off | Final Pre-Trial Conferences | Jury Selection |
|---|---|---|---|---|
| January | 9/15/10 | 10/1/10 | 12/1/10 | 1/5/11 |
| February | 10/15/10 | 11/3/10 | 1/4/11 | 2/2/11 |
| March | 11/16/10 | 12/1/10 | 2/1/11 | 3/2/11 |
| April | 12/15/10 | 1/4/11 | 3/1/11 | 4/4/11 |
| May | 1/14/11 | 2/2/11 | 4/1/11 | 5/3/11 |
| June | 2/11/11 | 3/2/11 | 5/2/11 | 6/3/11 |
| July | 3/11/11 | 4/1/11 | 6/1/11 | 7/5/11 |
| August | 4/15/11 | 5/3/11 | 7/1/11 | 8/2/11 |
| September | 5/13/11 | 6/1/11 | 8/1/11 | 9/2/11 |
| October | 6/15/11 | 7/1/11 | 9/1/11 | 10/4/11 |
| November | 7/15/11 | 8/3/11 | 10/3/11 | 11/2/11 |
| December | 8/12/11 | 9/1/11 | 11/1/11 | 12/5/11 |

**Case Management Conferences:**

1/31/11
2/28/11
3/30/11
4/25/11
5/31/11
6/29/11
7/29/11
8/31/11
9/30/11
10/31/11
11/30/11
12/29/11

# Judge Jones
## 2012 Court Calendar

| Trial list | Discovery Cut-off | Dispositive Motions Cut-off | Final Pre-Trial Conferences | Jury Selection |
|---|---|---|---|---|
| January | 9/15/11 | 10/3/11 | 12/1/11 | 1/4/12 |
| February | 10/14/11 | 11/3/11 | 1/3/12 | 2/2/12 |
| March | 11/16/11 | 12/1/11 | 2/1/12 | 3/2/12 |
| April | 12/15/11 | 1/4/12 | 3/1/12 | 4/3/12 |
| May | 1/14/12 | 2/2/12 | 4/2/12 | 5/2/12 |
| June | 2/10/12 | 3/2/12 | 5/1/12 | 6/4/12 |
| July | 3/12/12 | 4/2/12 | 6/1/12 | 7/5/12 |
| August | 4/16/12 | 5/3/12 | 7/2/12 | 8/2/12 |
| September | 5/14/12 | 6/1/12 | 8/1/12 | 9/5/12 |
| October | 6/15/12 | 7/2/12 | 9/4/12 | 10/2/12 |
| November | 7/16/12 | 8/3/12 | 10/1/12 | 11/2/12 |
| December | 8/13/12 | 9/3/12 | 11/1/12 | 12/5/12 |

**Case Management Conferences:**

1/31/12
2/28/12
3/30/12
4/30/12
5/30/12
6/29/12
7/31/12
8/31/12
9/28/12
10/31/12
11/30/12
12/31/12