IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULIAN ADAMS,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 07-01103 |
| **CHARLES KELLER, ET AL.,** | : | |
| Defendants. | : | |

M E M O R A N D U M

**STENGEL, J.**                                                                                        July 19, 2012

Plaintiff, Julian Adams, seeks to have his case re-opened under Federal Rules of Civil Procedure Rule 60(b). (Doc. No. 149). Plaintiff argues that Judge Jones, who previously presided over this matter, should have recused himself due to his bias against Plaintiff's attorney, Don Bailey. Defendants argue that Plaintiff has failed to show the necessary elements for relief under Rule 60 due to the fact that Plaintiff settled the case. For the reasons set forth, I will find no extraordinary circumstances warranting relief from a judgment, and will deny Plaintiff's Motion.

**I.      Background**

The Plaintiff is a former Officer of the Harrisburg Police Department. The defendants are Charles Kellar, who at all material times was the Chief of the Harrisburg Bureau of Police, and the City of Harrisburg. The action began when plaintiff was terminated from his employment by defendant Kellar. Plaintiff filed the Complaint in federal court on June 21, 2007. (Doc. No. 1). Originally, the action was in front of Judge Jones. The Complaint alleged retaliation claims, § 1983 claims, and equal protection

violations. The Plaintiff filed an Amended Complaint shortly thereafter. (Doc. No. 8). After discovery, Defendants' filed a motion for summary judgment which the court granted, in part, and denied, in part. (Doc. No. 123).

Following the denial of summary judgment, the parties entered into mediation with Mr. Joseph A. Barrett. Mr. Barrett reported to the District Court that the case settled on January 21, 2011. Thereafter, Plaintiff repudiated the settlement agreement and after some disagreement, the Court reopened the case. In March, the case was reassigned to Judge Stengel after Judge Jones recused himself.[1] An additional settlement agreement was negotiated and signed on April 22, 2011. Plaintiff signed the Release and received the settlement proceeds shortly thereafter.

Plaintiff now seeks to re-open the case with supporting authorities. (Doc. No. 149). Plaintiff states that during the course of the litigation, he was represented by Don Bailey. He claims that Mr. Bailey has been targeted and treated prejudicially due to the area of law in which he practices. Plaintiff believes that Judge Jones' recusal from reviewing cases brought by Attorney Don Bailey is evidence of that discrimination and, therefore, the case should be re-opened for review.

II. Discussion

---

[1] Under 28 U.S.C. § 455(a): "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally under § 455(b)(1), a judge must abstain where they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." However, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). Moreover, "expressions of impatience, dissatisfaction, annoyance, and even anger" do not establish bias as they are "within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." Id.

Rule 60(b)(6) is "intended to be a means for accomplishing justice in extraordinary situations." Kock v. Government of the Virgin Islands, 811 F.2d 240, 246 (3d Cir.1987); Perry v. Del. River Port Auth., 208 Fed. Appx. 122 (3d Cir. 2006).  It is well settled that relief under Rule 60(b)(6) is "extraordinary and may be granted only upon a showing of 'exceptional circumstances.'" United States Steel Corp. v. Fraternal Assoc. of Steel Haulers, 601 F.2d 1269, 1274 (3d Cir. 1979).  Relief pursuant to Rule 60(b)(6) is justified where "absent such relief an 'extreme' and 'unexpected' hardship will result." Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir.1977).  Further, Rule 60(b)(6) "generally requires that the petitioners make 'a more compelling showing of inequity or hardship' than normally would be required to reopen a case under subsections (1) through (5)."[2] Project Management Institute, Inc. v. Ireland, 144 Fed. Appx. 935, 937 fn.1 (3d Cir. 2005) (quoting Landano v. Rafferty, 897 F.2d 661, 682 (3d Cir.1990).

Further, the moving party's burden is even greater when the order of dismissal, as here, stems from a settlement because "the broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made." 11 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure Civil 2d § 2864 (1995).  Finally, "[t]he decision to grant or deny relief pursuant to Rule 60(b) lies in the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Ross v. Meagan, 638 F.2d 646, 648 (3d Cir.1981).

---

[2] Rule 60(b)(6) is a catchall provision which allows a court to relieve a party from the effects of an order for "any other reason justifying relief ." Fed. R. Civ. P. 60(b)(6).

Plaintiff cites Liljeberg v. Health Services Acquisition Corporation 486 U.S. 847 (1988), in support of having his case reopened under § 455.  In that case, the plaintiff—a Health Services Acquisition Corporation—brought declaratory judgment against defendant John Liljeberg seeking declaration of ownership of a corporation known as St. Jude Hospital.  Id. at 848.  Following a bench trial, Judge Robert Collins found in favor of Defendant and the appellate court affirmed.  Almost a year later, Health Services discovered Judge Collins had been a member of the Board of Trustees of Loyola University while Defendant was negotiating with it to purchase a parcel of land for the hospital.  Id. at 848-49.  Upon review, the Supreme Court considered: (1) risk of injustice to parties in particular case, (2) risk that denial of relief will produce injustice in other cases, and (3) risk of undermining public's confidence in judicial process.  Id. at 864.  The court then affirmed the appellate court's ruling vacating the judgment for the judge's failure to recuse himself under § 455.

Here there is little evidence to support a Rule 60(b) motion.  Unlike Liljeberg, Mr. Adams simply claims that Judge Jones' recusal is evidence of "a long-term bias and prejudice against Mr. Bailey which clearly overlapped with the handling of [the] case." (Doc. No. 149 at ¶ 3).  Mr. Adams claims that this prejudice resulted in an improper dismissal and an inadequate settlement.  (Id. at ¶ 3).

Plaintiff has not brought forth any evidence of fraud or misconduct on the part of Defendant which caused the dismissal to occur.  The parties proceeded before an independent mediator, Mr. Barrett.  After Plaintiff repudiated the initial settlement, the Judge Jones reopened the case on February 11, 2011, despite Defendant's opposition.

Thereafter, the Plaintiff settled for a higher sum. Judge Jones had no part in the final settlement agreement and had recused himself from Mr. Bailey's cases by March 2011, which was prior to the final settlement agreement. Plaintiff does not claim that he or his attorney misunderstood and or involuntarily agreed to the terms of settlement.[3] Mr. Adams, therefore, has not demonstrated any "extraordinary circumstances" to warrant reopening.[4]

### III.   Conclusion

For the reasons set forth above, I do not find the extraordinary circumstances that would justify relief under Fed. R. Civ. P. 60(b)(6) and will deny Plaintiff's motion.

An appropriate Order follows.

---

[3] In regard to settlement agreements, this Circuit has held that far more extreme circumstances do not warrant the opening of a judgment made in settlement. For instance, breach of a settlement agreement does not warrant subsection (6) relief. Sawka v. Healtheast, Inc., 989 F.2d 138 (3d Cir. 1993). In RLI Ins. Co. v. Vintage Contr. Co., 2010 U.S. Dist. LEXIS 110026 (D.N.J. Oct. 15, 2010), the Plaintiff argued that the Settlement Agreement should be set aside because she was unaware of the terms and conditions of the Settlement Agreement when she entered into it and her former counsel's conduct left her, essentially, unrepresented in the matter. The court denied the Rule 60(b)(6) motion stating that there is no legal authority to support the Court setting aside a Settlement Agreement based on one party's argument that another party to the litigation was unrepresented by counsel. The court reasoned that "[S]ettlements are favored and will be enforced whenever voluntarily agreed to by the parties." RLI Ins. Co. v. Vintage Contr. Co., 2010 U.S. Dist. LEXIS 110026, *8 (D.N.J. Oct. 15, 2010) (citing Cap City Products Co, Inc. v. Louriero, 753 A.2d 1205, 1210 (App. Div. 2000)).

[4] As a final consideration, the "reasonable time" provision of Federal Rule 60(b) controls the determination whether appellant's motion was timely filed. Lasky v. Continental Products Corp., 804 F.2d 250, 255 (3d Cir. 1986); Delzona Corp. v. Sacks, 265 F.2d 157, 159 (3d Cir. 1959) ("What constitutes a 'reasonable time' under Rule 60(b) is to be decided under the circumstances of each case."). Here, after a counseled and knowledgeable decision to settle, the Plaintiff signed the Release and was issued the settlement funds on April 22, 2011. This was after the Judge had recused himself from the case. Seven months later, after the court approved the settlement and Plaintiff received the settlement funds, Plaintiff filed this Rule 60(b) motion. Under the circumstances, this is not a reasonable time contemplated by Rule 60(b).